RECEIPT #_____
AMOUNT $ 250
SUMMONS ISSUED ✓
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 7-14-05

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUESTTS**

|  |  |
|---|---|
| F1 AIR, LLC,<br><br>Plaintiff,<br><br>v.<br><br>KAIZEN AVIATION, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**05 11508 RCL**

Dein

**COMPLAINT**

For its Complaint, the plaintiff alleges as follows:

**INTRODUCTION**

1.    This is an action to recover a balance due under a promissory note. The Plaintiff, F1 Air, LLC, advanced the amount of $159,210.41 to the Defendant, Kaizen Aviation, Inc. Defendant executed a promissory note undertaking to repay such amount with interest, together with costs of collection. Defendant has stopped making payments as required by the Note despite demand for payment.

**PARTIES**

2.    The Plaintiff, F1 Air, LLC ("F1 Air") is a limited liability company organized under the laws of Delaware and with a principal place of business at 135 Wood Road, Braintree, MA. F1 Air has two members, which include an individual residing in Massachusetts and a limited liability company organized under the laws of Delaware, whose sole member is an individual residing in New Jersey.

3.      The Defendant, Kaizen Aviation, Inc. ("Kaizen Aviation") is, upon information and belief, a Delaware corporation with a principal place of business at 3517 Beauclerc Wood Lane West, Jacksonville, FL.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 insofar as the parties are citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

5.      Venue is proper pursuant to 28 U.S.C. § 1332(a)(2) and (3), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Defendant is subject to personal jurisdiction in this judicial district.

## FACTS

6.      On February 25, 2005, Kaizen Aviation executed a Promissory Note ("the Note"), pursuant to which Kaizen Aviation, "the Borrower," undertook to pay F1 Air, "the Lender," the amount of $159,210.41, with interest, from February 25, 2005, on the unpaid principal at the rate of eight percent (8%) annually, in connection with the advance of funds by F1 Air related to a certain Gulfstream III Airplane, Registration No. N463LM. A copy of the Promissory Note is attached hereto as Exhibit A.

7.      The Note requires unpaid principal and accrued interest to be payable in monthly installments of $9,415.75, due on the Monthly Due Date.

8.      The Note provides, "If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender."

2

9.     The Note further provides that the failure of Kaizen Aviation to "pay any installment due under the Note within 5 days of its Monthly Due Date" constitutes an event of default, at which time the Note and "any other obligations of the Borrower to the Lender[] shall become immediately due, without demand or notice."

10.    In addition, the Note provides, "If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process."

11.    On or about May 20, 2005, Mr. Howard Shafer, apparently on behalf of Kaizen Aviation, made one monthly payment in the amount of $9,415.75 to F1 Air in Massachusetts.

12.    Since that date, Kaizen Aviation has not made any of the required payments under the Note to F1 Air.

13.    F1 Air has accelerated the balance due and made demand for payment.

### COUNT I
### (Breach of Promissory Note)

14.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 as if set forth herein.

15.    The Promissory Note required Kaizen Aviation to pay the sum of $159,210.41 with interest and to make timely monthly payments in the amount of $9,415.75 to F1 Air on the Monthly Due Date.

16.    Kaizen Aviation has failed and refused to make monthly payments to F1 Air as required by the Promissory Note.

17.    Kaizen Aviation's failure to pay the amount due as required by the Promissory Note constitutes a breach of the Note.

18.    F1 Air has suffered damages as result of Kaizen Aviation's failure to make payments under the Promissory Note.

19.    As of the filing of this Complaint, Kaizen Aviation owes F1 Air the principal sum of $149,794.66, plus interest, attorneys' fees and costs.

WHEREFORE, F1 Air prays that the Court:

i.    Enter judgment in its favor in the amount due under the Promissory Note as calculated at the time of entry of judgment;

ii.    Award Plaintiff its costs and attorneys' fees;

iii.    Enter such other and further relief as may be just and proper.

Respectfully submitted,

F1 Air, LLC,

By its attorneys,

David L. Evans (BBO #156695)
Halye A. Sugarman (BBO # 646773)

HANIFY & KING
Professional Corporation
One Beacon Street
21st Floor
Boston, MA 02108
(617) 423-0400

Dated: July 15, 2005
433975

4

# *PROMISSORY NOTE*

$159,210.41                                              Date: February 25, 2005

For value received and the advancement of funds related to maintenance costs on a certain Gulfstream III, reg. # N463LM ("N463LM"), the undersigned Kaizen Aviation, Inc. (the "Borrower"), at 3517 Beauclerc Rd., Jacksonville, Florida 32257, promises to pay to the order of F1 Air, LLC, (the "Lender"), at 135 Wood Rd., Braintree, Massachusetts 02184, (or at such other place as the Lender may designate in writing) the sum of $159,210.41 with interest from February 25, 2005, on the unpaid principal at the rate of 8.00% per annum.

The unpaid principal and accrued interest shall be payable in monthly installments of $9,415.75, beginning on March 25, 2005 ("Monthly Due Date"), and continuing until August 25, 2006, (the "Due Date"), at which time the remaining unpaid principal and interest shall be due in full.

During the period that the above-referenced aircraft, N463LM, is operating under the current management agreement with AMG/F1 Air in Dallas, the payments due under this note shall be withheld from charter revenue collected by AMG/F1 Air, and remitted directly to Lender on behalf of Borrower. If Borrower should terminate it's management agreement with AMG/F1 Air, or enter into a contract to sell the aircraft N463LM, during the term of this note, the remaining unpaid principal balance and any accrued interest shall become due immediately. If charter revenue as provided for herein is insufficient in any given month to cover an installment due on the Monthly Due Date, Borrower shall make up the difference on or before five (5) days of the Monthly Due Date of any installment.

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty.

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest in full on or before the Due Date;

2) the death of the Borrower or Lender;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit.

8) the failure to pay any installment due under this Note within 5 days of its Monthly Due Date.

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and nonpayment of this Note.

No renewal or extension of this Note, delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note shall affect the liability or the obligations of the Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This Note shall be construed in accordance with the laws of the State of Massachusetts.

Signed this 20ᵗʰ day of _May_ , 2005, at _Jacksonville FL_ ,

Borrower:
Kaizen Aviation, Inc.

By: _Harold Shafer_
Mr. Harold Shafer

## ADD CORPORATE ACKNOWLEDGEMENT

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
F1 Air, LLC

### DEFENDANTS
Kaizen Aviation, Inc.

(b) County of Residence of First Listed Plaintiff **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David L. Evans, Esq.     (BBO #156695)
Halye A. Sugarman, Esq.(BBO #646773)
Hanify & King, P.C., One Beacon St.
Boston, MA 02108   (617) 423-0400

Attorneys (If Known)

05 11508

### II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☒ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | |

### V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is an action between diverse parties to recover balance due on a promissory note.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 159,210.41

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

### VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE _____     DOCKET NUMBER _____

DATE
July 15, 2005

SIGNATURE OF ATTORNEY OF RECORD
*Halye A. Sugarman*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) **Fl Air, LLC v. Kaizen Aviation, Inc.**

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

     ___     I.      160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

     ___     II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
                     740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

     _X_     III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                     315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                     380, 385, 450, 891.

     ___     IV.     220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                     690, 810, 861-865, 870, 871, 875, 900.

     ___     V.      150, 152, 153.                    05 11508 RCL

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                       YES ☐        NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                       YES ☐        NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                       YES ☐        NO ☒

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                       YES ☐        NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                       YES ☐        NO ☒

     A.   If yes, in which division do all of the non-governmental parties reside?

          Eastern Division ☐          Central Division ☐          Western Division ☐

     B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

          Eastern Division ☒          Central Division ☐          Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                       YES ☐        NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___ **Halye A. Sugarman, Esq.**

ADDRESS ___ **Hanify & King, P.C., One Beacon St., Boston, MA 02108**

TELEPHONE NO. ___ **(617) 423-0400**

(CategoryForm.wpd -5/2/05)