UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUESTTS

FILED
IN CLERKS OFFICE
2005 SEP 27 P 12: 20
U.S. DISTRICT COURT
DISTRICT OF MASS.

)
F1 AIR, LLC,                                          )
                                                      )
    Plaintiff,                                        )
                                                      )   Civil Action No. 05-11508-RCL
    v.                                                )
                                                      )
KAIZEN AVIATION, INC.,                                )
                                                      )
    Defendant.                                        )
                                                      )

## MOTION FOR JUDGMENT BY DEFAULT

Pursuant to Fed. R. Civ. P. 55(b)(1), the Plaintiff, F1 Air, LLC, ("the Plaintiff" or "F1 Air") respectfully requests the Court, by action of the Clerk, enter a default judgment against the Defendant Kaizen Aviation, Inc. ("Kaizen Aviation") in the amount of $187,585.72. As grounds therefor, Plaintiff states that the Court has entered a default against Kaizen Aviation for its failure to appear in this case and Plaintiff's demand is for a sum which can be made certain by computation. In addition, the defendant is not an infant or incompetent.

## BACKGROUND

On July 15, 2005, Plaintiff commenced this action alleging that Kaizen Aviation failed to make payments to Plaintiff as set forth in a Promissory Note ("the Note") executed by Kaizen Aviation, as the Borrower. See Complaint, and Ex. A thereto. Specifically, the Note calls for payment of $159,210.41, with interest, from February 25, 2005, on the unpaid principal at the rate of eight percent (8%) annually. See Complaint ¶ 6. The Note requires unpaid principal and accrued interest to be payable in monthly installments of $9,415.75. Id. ¶ 7. On May 20, 2005, Harold Shafer, apparently on

behalf of Kaizen Aviation, made one monthly payment in the amount of $9,415.75 to Plaintiff. Thereafter, Kaizen Aviation ceased making payments. Id. ¶¶ 11 – 12. Per the Note, the failure of Kaizen Aviation to make timely monthly payments entitles Plaintiff to "the remaining unpaid principal balance and any accrued interest" and "all costs of collection, including reasonable attorney fees." See Complaint, at Ex. A.

On September 12, 2005, the Deputy Clerk entered a Notice of Default against Kaizen Aviation due to Kaizen's failure to timely plead or otherwise respond to the Complaint.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(1), the clerk may enter a default judgment against a defendant where three factors are present: (1) the plaintiff's claim "is for a sum certain or a sum which can by computation be made certain," (2) the defendant has failed to plead or otherwise defend, and (3) the defendant is not an infant or incompetent person. See Fed. R. Civ. P. 55(b)(1). Each of these requirements is satisfied here.

First, Plaintiff's demand is for a sum which can be made certain by computation. As set forth in the Affidavit of Patrick Gallagher ("Gallagher Aff."), submitted herewith, Plaintiff seeks recovery of the Note's unpaid principal and accrued interest. Pursuant to the Note, Kaizen Aviation is obligated to pay Plaintiff "the sum of $159,210.41 with interest from February 25, 2005, on the unpaid principal at the rate of 8.00% per annum." Kaizen Aviation made a single monthly payment of $9,415.75, but has ceased making any further payments. See Gallagher Aff. ¶¶ 2-3. Thus, Plaintiff is entitled to collect the sum certain of $156,943.58 based on the unpaid note balance and interest accrued to

2

date.[1] Moreover, pursuant to the terms of the Note, Plaintiff is entitled to recover all costs of collection, including reasonable attorney fees. This amount, too, is for a sum certain of $30,642.14. See Gallagher Aff. ¶¶ 4-5. Thus, the total sum certain demanded by Plaintiff's action is $187,585.72.

Second, default judgment can be entered by the clerk against Kaizen Aviation because Kaizen Aviation has been defaulted for failure to appear in this action. See Clerk's Notice of Default (September 12, 2005). Third and finally, default judgment is appropriate because Kaizen Aviation is neither an infant nor an incompetent person.

WHEREFORE, each of the requirements of Federal Rule of Civil Procedure 55(b)(1) is satisfied, the Plaintiff respectfully requests that the Clerk enter a Default Judgment against defendant Kaizen Aviation.

Respectfully submitted,

F1 Air, LLC,
By its attorneys,

_____
David L. Evans (BBO #156695)
Halye A. Sugarman (BBO # 646773)
HANIFY & KING
Professional Corporation
One Beacon Street
21st Floor
Boston, MA 02108
(617) 423-0400

Dated: September 23, 2005
437440

---

[1] This figure is arrived at as follows. The original Noted dated 2/25/05 was in the principal amount of $159,201.41 and called for interest at the rate of 8% annually. One payment of $9,415.75 was made on May 20, 2005, 84 days after the Note was executed. Thus, the payment reflected accrued interest in the amount of $2,931.18 (i.e., $159,210.41 x .08/365 x 84 days = $2,931.18) and principal in the amount of $6,484.57. This reduced the principal balance to $152,725.84 (i.e., 159,210.41 – 6,484.57 = $152,725.84). In the 126 days between May 20, 2005 and September 23, 2005, the interest that has accrued on this principal balance is $4,217.74 (i.e., $152,725.84 x .08/365 x 126 days = $4,217.74). Thus, the total principal and interest now due is $156,943.58. See Gallagher Aff. ¶ 6.

## RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1, I, David L. Evans, counsel for F1 Air, LLC, hereby certify that I have not conferred with counsel for Defendant Kaizen Aviation, Inc. or with Kaizen Aviation, Inc. because Kaizen Aviation, Inc. has not appeared in this case.

/s/ David L. Evans
David L. Evans

## CERTIFICATE OF SERVICE

I, David L. Evans, hereby certify that I have this 27th day of September 2005 served a copy of the foregoing Motion for Entry of Default Judgment by mailing a copy of same, postage prepaid to:

> Harold Shafer
> Kaizen Aviation, Inc.
> 3517 Beauclerc Wood Lane West
> Jacksonville, FL  32217

_____
David L. Evans