UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| F1 AIR, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-11508-RCL |
| ) | |
| KAIZEN AVIATION, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF MOTION
TO REMOVE DEFAULT AND PERMIT TWENTY DAYS
IN WHICH TO ANSWER OR OTHERWISE RESPOND**

Pursuant to Federal Rule of Civil Procedure 55(c), the defendant, Kaizen Aviation, Inc. ("Kaizen"), submits this memorandum in support of its Motion to Remove Default and Permit Twenty Days in Which to Answer or Otherwise Plead.

As grounds for this motion, Kaizen states as follows:

1. The determination of whether a party may be relieved of an entry of default rests within the Court's discretion. *See McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 502 (1st Cir. 1996). The First Circuit has held that setting aside an entry of default under Rule 55(c) is a case-specific determination that must encompass an assessment of a series of factors such as: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion. *See id.* at 503. The First Circuit has further explained that the probing of these factors "must be made in a practical, commonsense manner, without the rigid adherence to, or undue reliance upon, a mechanical formula." *Id.* Indeed, considerations include "the goals of 'resol[ving] cases on the merits,' and avoiding 'harsh or unfair result[s].'" *KPS & Assocs. v.*

*Designs by FMC, Inc.*, 318 F.3d 1, 12-13 (1st Cir. 2003) (alteration in original) (citations omitted). Moreover, it is a basic tenet of federal procedure that "actions should ordinarily be resolved on their merits." *Coon v. Grenier*, 687 F.2d 73, 76 (1st Cir. 1991). This is especially true when a motion to set aside a default arises early in the case. *See id.* Indeed, a court must "resolve doubts in favor of a party seeking relief from the entry of default." *Id.*

2. Here, the plaintiff filed its complaint on July 15, 2005 and claims to have perfected service of the complaint and summons upon Kaizen by mailing the same, certified mail, return receipt requested to the home of its principal as evidenced by a return receipt dated August 3, 2005.

3. The complaint and summons, however, were not served upon Kaizen's principal, Harold Shafer, nor was the receipt signed by an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process on behalf of Kaizen.

4. Rather, the papers, which were directed to Mr. Shafer's home, were accepted by and the receipt signed by William Maudlin. Mr. Maudlin is neither an agent nor an employee of Kaizen, although he works with Mr. Shafer in another distinct business unrelated to Kaizen.

5. At the time the complaint and summons allegedly were served, Mr. Shafer was traveling outside of the contiguous United States.

6. The plaintiff filed a motion for entry of default on August 26, 2005 and the court entered a default on September 12, 2005.

7. Mr. Shafer did not learn of the plaintiff's complaint against Kaizen until after he returned from his travels on September 20, 2005.

8. Mr. Shafer did not learn of the plaintiff's motion for a default, or the default against Kaizen, until sometime after September 20, 2005.

9.   As soon as Mr. Shafer learned of the plaintiff's complaint and the default, he contacted his counsel in Florida, Doug Barnard, to arrange for responding to the complaint and removal of the default.

10.  Shortly thereafter, Attorney Barnard's office contacted the undersigned to work with him in an effort to remove the default and to respond to the complaint.

11.  That same day, the undersigned left a telephone message for the plaintiff's counsel identify themselves as counsel for Kaizen. The following day, counsel for the parties discussed whether the plaintiff voluntarily would agree to removal of the default. After determining that the plaintiff would not voluntarily agree to the removal of the default on terms Kaizen thinks equitable, counsel for Kaizen prepared and filed forthwith the motion and this memorandum to remove the default.

12.  Kaizen's failure to answer within the time permitted by the rules arises merely because Kaizen simply was unaware of the plaintiff's complaint and its subsequent motion for entry of a default.

13.  However, as soon as Kaizen learned of the complaint and the default, it responded quickly and in good faith.

14.  Kaizen contends that it has viable, meritorious and complete defenses to the plaintiff's claims.

15.  Moreover, Kaizen contends that it has viable and meritorious counterclaims and/or third party claims, the damages for which are believed to exceed the alleged damages claimed by the plaintiff.

16.	The plaintiff will not be prejudiced by removal of the default.  Indeed, a response to the complaint was not due until August 23, 2005, just over one month ago, a period of time often agreed to by parties for extensions in which to respond to a complaint.

17.	It is in the best interest of fairness, justice and judicial economy to set aside the September 12, 2005 default entered against Kaizen and to permit Kaizen twenty (20) days in which to answer or otherwise plead so that the litigation can be resolved appropriately on the merits.  *See e.g., Edes v. Fredson*, 344 F.Supp.2 209 (D. Me. 2004) (permitting removal of default where, among other things, no evidence that default willful and defendant prompt in moving to set aside the default).

18.	Good cause therefore exists for this Court to allow this motion.

Respectfully submitted,

**KAIZEN AVIATION, INC.**

By its attorneys,

_____
Ralph T. Lepore, III (BBO# 294420)
Elizabeth M. Mitchell (BBO# 638146)
**HOLLAND & KNIGHT LLP**
10 St. James Avenue
Boston, Massachusetts 02116
Telephone: (617) 523-2700

Dated:  September 30, 2005

## Certificate of Service

  The undersigned hereby certifies that a copy of the foregoing has been deposited in the U.S. Mail, first class postage prepaid on the 30th day of September 2005 addressed to:

David L. Evans, Esq.
HANIFY & KING
One Beacon Street, 21st Floor
Boston, MA 02108-3107

                _____
                Elizabeth M. Mitchell

# 3267829_v1