UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| F1 AIR, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>KAIZEN AVIATION, INC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 05-11508-RCL<br>)<br>)<br>)<br>) |

### OPPOSITION OF KAIZEN AVIATION, INC.
### TO MOTION FOR JUDGMENT BY DEFAULT

The defendant, Kaizen Aviation, Inc. ("Kaizen"), respectfully submits this opposition to the motion of the plaintiff, F1Air, Inc. ("F1 Air"), for entry of judgment pursuant to Federal Rule of Civil Procedure 55(b)(1).

As support for its opposition, Kaizen states that currently pending before the Court is Kaizen's motion seeking to remove the default entered against it in this matter. Should the Court allow Kaizen's motion to remove the default, Kaizen submits that the instant motion concerning entry of judgment is moot and, therefore, should be denied. Specifically, absent a default, the plaintiff is not entitled to entry of a default judgment. *See* Fed. R. Civ. P. 55(b)(1) (rule applicable only if, among other things, "the defendant has been defaulted for failure to appear").

Alternatively, if the Court has not yet considered Kaizen's motion to remove the default or denies the same, Kaizen maintains that entry of a default judgment as sought by the plaintiff is inappropriate. In fact, given the lack of bad faith exhibited by Kaizen, the speed and manner in which it responded to the pending lawsuit once it learned of its existence, its meritorious defenses and the lack of prejudice that will inure to the plaintiff by prosecuting this matter on the

merits, entry of judgment is not justified.

Moreover, the judgment sought by the plaintiff is not simply for "a sum certain" as required by the applicable rule, but seeks reimbursement of excessive and unjustified attorneys' fees. *See* Fed. R. Civ. P. 55(b)(1) (requiring entry of judgment by clerk, as is requested here, to be for "a sum certain").

As further grounds for its opposition, Kaizen states as follows:

1. F1 Air filed its complaint against Kaizen on or about July 15, 2005. F1Air contends that it properly served Kaizen with the complaint and summons on or about August 3, 2005. Thereafter, upon a motion by F1 Air, the clerk entered a default against Kaizen on or about September 12, 2005.

2. Kaizen did not learn of this lawsuit, the complaint filed and purportedly served by F1 Air or the default entered against Kaizen until after September 20, 2005. *See* Affidavit of Harold Shafer submitted concurrently herewith at ¶ 5.

3. Shortly thereafter, Kaizen contacted its counsel in Florida to arrange for responding to the complaint and removal of the default. *Id.* at ¶ 6. Kaizen's Florida counsel then enlisted counsel in Massachusetts for assistance in responding to the complaint and seeking to remove the default. *Id.* at ¶ 7.

4. On or about September 30, 2005, Kaizen's Massachusetts counsel filed a motion on Kaizen's behalf seeking to remove the default, as well as a Corporate Disclosure Statement for Kaizen.

5. During this time, both Kaizen's Florida and Massachusetts counsel were in contact with counsel for F1 Air.

6. Meanwhile, without notice or service upon Kaizen's counsel, counsel for the plaintiff filed a motion for judgment by default. Indeed, despite a request by Kaizen's counsel, counsel for the plaintiff has yet to provide them with a copy of the papers related to its motion for judgment.

7. As explained in Kaizen's motion to remove the default,[1] its failure to answer within the time permitted by the rules was not the result of any bad faith on its part. Rather, it simply was unaware of the plaintiff's complaint. *See* Affidavit of Harold Shafer at ¶¶ 5 and 8. Similarly, Kaizen's failure to respond in a timely manner to F1 Air's motion for entry of default also was due to its lack of knowledge concerning the plaintiff's motion. *See id.* Indeed, as soon as Kaizen learned of the complaint and the default, it contacted its counsel to defend the action. *See id.* at ¶ 6. Counsel has since entered an appearance and seeks to address the plaintiff's claims on their merits.

8. Significantly, Kaizen contends that it has viable, meritorious and complete defenses to the plaintiff's claims, as well as viable and meritorious counterclaims and/or third party claims, the damages for which are believed to exceed the alleged damages claimed by the plaintiff. *See id.* at ¶ 9.

---

[1] As set out in Kaizen's motion to remove the default, pursuant to Federal Rule of Civil Procedure 55(c), a default may be removed "[f]or good cause shown". Fed. R. Civ. P. 55(c). The determination of whether a party may be relieved of an entry of default rests within the Court's discretion. *See McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 502 (1st Cir. 1996). The First Circuit has held that setting aside an entry of default under Rule 55(c) is a case-specific determination that must encompass an assessment of a series of factors such as: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion. *See id.* at 503. The First Circuit has further explained that the probing of these factors "must be made in a practical, commonsense manner, without the rigid adherence to, or undue reliance upon, a mechanical formula." *Id.* Indeed, considerations include "the goals of 'resol[ving] cases on the merits,' and avoiding 'harsh or unfair result[s].'" *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 12-13 (1st Cir. 2003) (alteration in original) (citations omitted). Moreover, it is a basic tenet of federal procedure that "actions should ordinarily be resolved on their merits." *Coon v. Grenier*, 687 F.2d 73, 76 (1st Cir. 1991). This is especially true when a motion to set aside a default arises early in the case. *See id.* Indeed, a court must "resolve doubts in favor of a party seeking relief from the entry of default." *Id.*

3

9. Additionally, the plaintiff will not be prejudiced by removal of the default and the lack of a resulting default judgment. *See Coon*, 867 at 77 (prejudice must not be judged on the mere passage of time, but must be examined to determine if there is evidence that plaintiff's "witnesses have died, memories have dimmed . . . a discovery scheme has been thwarted . . . or evidence lost."). "Simply requiring a party to litigate" does not amount to prejudice when considering removal of a default. *Id.*

10. Moreover, the plaintiff seeks entry of judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), which requires that its claim be "for a sum certain or for a sum which can be made certain." Fed. R. Civ. P. 55(b)(1). A claim only can be for a sum certain where there is no doubt concerning the amount to which the plaintiff is entitled as a result of a default. *See KPS*, 318 F.3d at 19. The classic example is an enforceable liquidated damages clause or a delinquent tax assessment. *See id.* at 20.

11. Here, however, the plaintiff seeks a judgment including amounts that are not for a "sum certain" and, at a minimum, are contested. Specifically, the plaintiff seeks to recover over $30,000 in attorneys fees allegedly arising out of efforts to recover the underlying amount in dispute. Indeed, while the underlying promissory note contemplates recovery by the plaintiff of "reasonable" attorneys fees, Kaizen vigorously disputes that fees in excess of $30,000 in a matter where a default was entered shortly after the complaint was filed are remotely "reasonable" under any circumstances. *See id.* (where parties disputed issue of damages, which were not fixed by operation of law, judgment not for sum certain).

12.     It is in the best interest of fairness, justice and judicial economy to deny the plaintiff's motion for entry of default judgment where the defendant has appeared and seeks to respond to the allegations of the plaintiff's complaint on their merits.

WHEREFORE, Kaizen Aviation, Inc. respectfully requests that this Court deny the plaintiff's motion for entry of default judgment.

Respectfully submitted,

**KAIZEN AVIATION, INC.**

By its attorneys,

_/s/ Elizabeth M. Mitchell_
Ralph T. Lepore, III (BBO# 294420)
Elizabeth M. Mitchell (BBO# 638146)
**HOLLAND & KNIGHT LLP**
10 St. James Avenue
Boston, Massachusetts 02116
Telephone: (617) 523-2700

Dated: October 11, 2005

# 3289145_v1

*I hereby certify under the penalties of perjury that this document was served upon counsel for all parties in this case on 10/11/05 by Hand / by Mail*

*Elizabeth Mitchell*

5