UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| F1 AIR, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KAIZEN AVIATION, INC., )<br>)<br>Defendant. ) | Civil Action No. 05-11508-RCL |

**AFFIDAVIT OF HAROLD SHAFER IN SUPPORT OF KAIZEN AVIATION, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I, Harold Shafer, on oath depose as follows:

1. I am the principal of Kaizen Aviation, Inc. ("Kaizen"), the defendant in this matter.

2. Kaizen is incorporated under the laws of Delaware.

3. Kaizen has a principal place of business in Jacksonville, Florida.

4. Kaizen owns an aircraft with federal aviation registration number N463LM ("N463LM").

5. F1 Air, Inc. claims to have paid for the installation of an auxiliary power unit in N463LM.

6. Kaizen became involved with F1 Air, Inc. because it was in the business of managing aircraft and it was my understanding that it was seeking to expand its business by managing aircraft beyond those it owned. As a result, F1 Air, Inc. and Kaizen engaged in discussions whereby F1 Air, Inc. would manage N463LM.

7. Some of these discussions took place in Maryland and New Jersey.

8. No discussions occurred between Kaizen and F1 Air, Inc. where Kaizen was present in Massachusetts.

9. In fact, most of the communications between the two involved long distance communications between Kaizen in Florida and one of F1 Air, Inc.'s members, or his son, both of whom were located in New Jersey.

10. As part of the arrangement between Kaizen and F1 Air, Inc., N463LM was relocated to Dallas, Texas and managed by CNK, Inc. d/b/a F1 Air ("F1 Air Dallas").

11. The auxiliary power unit was installed in N463LM while it was in Texas.

12. The cost for this equipment was to be deducted from amounts owed Kaizen by F1 Air Dallas under an aircraft management agreement between Kaizen and F1 Air Dallas.

13. The aircraft was mismanaged and I was informed that the revenues it generated were not sufficient to cover the monthly payments due under the promissory note.

14. Some time after the installation of the auxiliary power unit, F1 Air, Inc. forwarded to me the promissory note and requested that I execute it on behalf of Kaizen.

15. Kaizen did not participate in either the drafting of the promissory note or in determining the terms included therein.

16. After much urging by F1 Air, Inc., on or about May 20, 2005, I executed the promissory note in Kaizen's offices in Jacksonville, Florida and returned it as requested by F1 Air, Inc.

17. Kaizen does not maintain an office in Massachusetts.

18. Kaizen does not maintain any employees in Massachusetts.

19. Kaizen does not maintain any bank accounts in Massachusetts.

20. Kaizen does not maintain a telephone listing in Massachusetts.

21. Kaizen does not maintain a mailing address in Massachusetts.

22. Kaizen does not own, rent or use any property in Massachusetts.

23. Kaizen is not licensed or authorized to conduct business in Massachusetts.

24. Kaizen does not have an agent for service of process in Massachusetts.

25. Kaizen does not pay taxes in Massachusetts.

26. Kaizen does not advertise for or solicit business in Massachusetts.

27. Kaizen does not ship or deliver products to Massachusetts.

28. Kaizen does not directly provide services to persons or entities located in Massachusetts.

Signed under the pains and penalties of perjury, this 17th day of November 2005.

_____
Harold Shafer

# 3391753_v1

3